CASE 6—PETITION EQUITY—DECEMBER 2, 1884.

## Matthews v. Albritton, &c.

APPEAL FROM GRAVES CIRCUIT COURT.

WHEN A DEED IS MADE TO ONE PERSON AND THE CONSIDERATION IS
PAID BY ANOTHER no use or trust results in favor of the latter *as
between the parties;* but if the property is in fact held in secret trust
for the party paying the consideration, his creditors may subject it to
the payment of their debts, whether created prior or subsequent to
the execution of the deed.

.D. G. PARK FOR APPELLANT.

.1. Where one party, pays the consideration for land and takes the title in
the name of another, under an express agreement made at the time
that the party receiving the title shall hold the property in trust for
the use and benefit of the party paying the purchase money, the prop-
erty is subject to the debts of the *cestui que trust* at the suit of a cred-
itor, although his debt was created subsequent to the purchase and
agreement. (General Statutes, chapter 63, article 1, section 21; Cro-
zier v. Young, 3 Mon., 159; Doyle v. Sleeper, 1 Dana, 548; Huffman
v. Thomas, 2 Duvall, 106, 107; 4 Ky. Law Rep., 527–28.)

Matthews v. Albritton, &c.

2. Such a trust may be shown by parol in favor of a creditor of the *cestui que trust*. (Browne on Statute of Frauds, sections 82, 103; 1 Perry on Trusts, section 216.)

3. Even if the agreement was within the Statute of Frauds, the trustee having held under the trust and recognized it until the property was attached, it should be subjected. (Browne on Statute of Frauds, sections 122, 130; Crawford v. Wood, 6 Bush, 203; Clay's Heirs v. Marshall's Heirs, 5 B. Mon., 269, 272; McGrum v. Preston, 5 J. J. Mar., 335; Galway v. Shields, 27 Amer. Rep., 352; Bedinger v. Whittamore, 2 J. J. Mar., 568; Lewis v. Whitnell, 5 Mon., 191.)

4. Is the alleged agreement within the Statute of Frauds? (Perry on Trusts, volume 1, sections 75, 78, 79; Browne on Statute of Frauds, sections 80, 81; Chiles v. Woodson, 2 Bibb, 71.)

W. W. ROBERTSON FOR APPELLEES.

When a deed is made to one person and the consideration is paid by another, no use or trust results in favor of the latter. (General Statutes, chapter 63, section 19; Grant's Guardian v. Grant, 4 Ky. Law Rep.; Mannen v. Bradbury, *Ibid.*, 951; 3 Bush; 5 Bush; 7 Bush.) If the person paying the consideration can not enforce the trust, his creditor can not do so.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant brought this action to subject real property, the legal title of which is in appellee J. E. Albritton, to the satisfaction of a judgment against appellee R. T. Albritton, upon which an execution was issued and returned no property found.

It is stated substantially in the original and amended petitions that the property in question was bid for and purchased at a public sale by J. E. Albritton, who received a deed therefor, but that the purchase price was actually paid by R. T. Albritton; that the conveyance was without any consideration from the former, but under an agreement between them it was made to him, and he has ever since the sale held the property in secret trust for the use of the latter, who is the real and beneficial owner.

. The question presented by the appeal is, whether the statements contained in the original and amended petitions being taken as true, the property is subject to the payment of appellant's debt which was created. since the execution of the deed to J. E. Albritton; and the determination of that question depends upon the proper meaning and application of section 19, article 1, chapter 63, General Statutes, which is as follows :

" When a deed shall be made to one person and the consideration shall be paid by another, no use or trust shall result in favor of the latter ; but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the land deeded with the effects of another."

Before the adoption of the Revised Statutes, which contained a provision the same as the section quoted, when a deed was made conveying real property to one person, the consideration therefor being paid by another, a trust resulted in favor of the latter which he might enforce, although the deed was so made in pursuance of an agreement between them. And then, of course, there was no question of the right of creditors by proper proceedings to subject the property thus held to the payment of debts of the *cestui que trust*, whether existing at the time or created subsequent to the deed. Now, however, no use or trust results except in the two cases mentioned in section 19. And the question arises whether the change of the law was intended to apply to and affect the

rights of creditors as they previously existed, or to be restricted in its application to the parties to the transaction.

The reason for the change, so far as the parties themselves are concerned, is apparent. For generally the object and effect of an agreement whereby the legal title to real property is vested in one party, while the consideration is paid by another, is to defraud creditors and purchasers. Hence, it is now declared not to be the policy of the law to uphold and enforce a secret trust in favor of a person paying the consideration, who voluntarily consents for the legal title to be in another. But there is no reason why a creditor should be denied relief in equity whenever property for which his debtor has paid the consideration, and of which he has the actual use and benefit, is by a fraudulent arrangement placed beyond the reach of legal process. And unless it was the intention of the Legislature to extend the application of section 19 to creditors, and thus take from them a remedy they once undoubtedly had, it should not be done.

By section 20 it is provided, in express terms, that such deeds shall be deemed fraudulent as against existing debts and liabilities. But it does not necessarily follow that the Legislature intended thereby to sanction such transactions as against debts and liabilities of the *cestui que trust* subsequently created. For if it be made to appear at any time that real property for which a party has paid the consideration is in fact held in secret trust for his use, and that he does have the use and enjoyment of it, there is no reason why it should not be made subject to his debts and liabilities.

though created subsequent to the deed under which it is held. If fraudulent in the beginning as to existing debts and liabilities, the transaction continues fraudulent so long as the property is held in the same manner and for the same purpose.

It is not in terms provided in section 19, nor can it be fairly implied, that the Legislature intended to deprive the creditor of the right to subject property thus held, and, in our opinion, upon the statement of facts alleged by appellant, he was entitled to the relief sought, and the court erred in sustaining the demurrer to the original and amended petitions.

Wherefore, the judgment is reversed and cause remanded.