CASE 113—SEPARATE ACTIONS OF DEPOSIT BANK, CLAUDE MIMMS, AND
BANK OF ADAIRVILLE AGAINST J. A. ROSE, &C., CONSOLIDATED.

# Deposit Bank, &c. v. Rose, &c.

APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

FRAUDULENT CONVEYANCES—CONSIDERATION—SECRET TRUST—EVIDENCE
—PRESUMPTION.

Held:  1. Kentucky Statutes, sections 2353, 2354, provides that,
when a deed shall be made to one person, and the consideration
shall be paid by another, no use or trust shall result in favor
of the latter, but such deeds shall be deemed fraudulent as
against the existing debts of the person paying the considera-
tion.   A wife, who had abandoned her husband, conveyed to
his mother a part of her general estate in consideration of his
obtaining a divorce and surrendering to her the residue of the
estate.  The husband was insolvent at the time of the convey-
ance.  HELD, that, though the consideration given was not such
as to be subject to the claims of the husband's creditors, the
conveyance was, under the statute, fraudulent, and the prop-
erty conveyed to the mother was subject to the husband's debts.

W. P. SANDIDGE AND W. L. REEVES, FOR APPELLANT.

J. A. Rose and Billie Rose were married prior to 1894.   She
owned 428 acres of land which was her general estate.   In
May, 1894, J. A. Rose made an assignment for the benefit of
his creditors and since that time he has been insolvent.  His
wife, Billie Rose, abandoned him before he made the assign-
ment and went back to her mother, leaving him in possession of
the land.   Some time after this she sued him for posses-
sion of the land.   A demurrer was sustained to her petition
by the lower court, which was affirmed upon appeal, (sec. 20
R., 417).   They had one child.   She could not obtain a di-
vorce inasmuch as she had abandoned her husband, and in
1897 while her suit was pending in the court of appeals, she and
her husband made an agreement by which she paid him $500
in cash and by a deed in which they both united, conveyed 120
acres of her land to S. M. Rose, mother of J. A. Rose, and
he, in consideration thereof, surrendered to her possession of

the remainder of the 428 acres and agreed to procure a divorce from her on the grounds of her abandonment, which he did.

The contention of appellant is, that J. A. Rose paid the consideration for the deed made to S. M. Rose,. and by section 2354, Kentucky Statutes, said deed is fraudulent *per se* as to his then existing debts, and these actions are to subject this lands to the payments of the debts of said J. A. Rose.

### POINTS AND AUTHORITIES.

1. The Statute of 13 Elizabeth, C., 5; Kentucky Statutes, sec. 1906; Waite on Fraudulent Conveyances, sec. 23; Amer. & Eng. Ency. of Law, vol. 8, p. 749, 1st edition.

2. A lending of personal property on the faith of which the person to whom it is lent obtains a credit, or a sale or gift by the terms of which some reversionary interest is reserved for the benefit of the grantor. Sec. 1909, Kentucky Statutes.

3. Sales of personal property without the delivery of possession. Kentucky Statutes, sec. 1908; Vanmeter v. Estill, 18 Ky., 456.

4. Gifts and conveyances made by a debtor without valuable consideration. 11 Wheat., 199; 91 U. S., 409; 20 Wal. 31; Cadogen v. Kennitt Cowp., 434; Kentucky Statutes, 1907.

5. Cases in which the consideration is paid by one person and the conveyance taken to another. Doyle v. Sleeper, 1 Dana, 532; Kentucky Statutes, secs. 2353 and 2354; Kentucky Statutes, 1696; Lear v. Totten, 14 Bush, 104; Carter Bros. v. Martin, 12 Ky. Law Rep., 837; Wilcoxson v. Morgan, 2 Col., 477; Story's Equity, sec. 1201; 3 Bibb, 15; 1 Marr., 47; 3 Mar., 24; 4 J. J. M., 592; 3 Met., 423; 7 Bush, 756; Ford's Exrs. v. Lewis, 10 B. M., 127; Keel v. Larkin, 83 Ala., 142; 34 Amer. Dec., 765.

J. H. BOWDEN AND S. R. CREWDSON, FOR APPELLEES.

We claim that in this case J. A. Rose took nothing which his creditors could have subjected to their debts. He had no interest in the land which they could reach. The deed to his mother was not the consideration of his promise to sue for a divorce. The conveyance was a gift without any valuable consideration; his promise to get the divorce was merely the *inducement* to the making of that gift. The divorce could not be purchased. She was in the wrong and could not obtain it. He was in the right and could do so if he wished to do so. In order that an end be put to the status of marriage, she was willing to make a deed of gift conveying the land to her husband's mother.

There is no evidence showing that the land was conveyed to or held by Mrs. S. M. Rose in trust for her son, J. A. Rose.

As to the ten acres embraced in the deed to S. M. Rose which belonged to J. A. Rose, it had been set apart to him as a homestead and he had a right to give it away if he wanted to.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

J. A. Rose and wife, Billie Rose, were married in the year 1890. About three years after that she abandoned him, leaving him in possession of 420 acres of land, which was her general estate. Some time after this she sued him for possession of the land, claiming that under the act for the enlargement of the rights of married women, passed in 1894, she was entitled to control it. The court sustained a demurrer to her petition. She appealed to this court, and the judgment was affirmed. Rose v. Rose, 104 Ky., 48 (20 R., 417) (46 S. W., 524, 41 L. R. A., 353, 84 Am. St. Rep., 430). In the meantime he had made an assignment for the benefit of his creditors. She desired to become divorced from him, and to recover possession of her land. As long as they remained husband and wife, he was entitled to the use and possession of it. She could not obtain a divorce, as she had abandoned him, but, as the abandonment had existed over a year, he could maintain the action. Under this condition of things, she proposed to him that she would pay him $500 in money and convey to him 120 acres of the land, worth $40 an acre, if he would surrender to her the remainder of the land, and file suit, and obtain a divorce. He declined this proposition, but afterwards proposed that, if she would pay him the $500, and convey the 120 acres of land to his mother, Sallie M. Rose, he would file the suit, obtain the divorce, and surrender the rest of the land. She accepted this proposition, paid him the $500 in cash, and by deed, in which he also united, conveyed the

120 acres to his mother. He brought the suit, obtained the divorce, and surrendered the remainder of the land. His creditors then filed this suit against him and his mother to subject to their debts the land which had been conveyed to her, charging that it was only a device to defraud them, he being insolvent. The allegations of the petition were denied, and on final hearing the court dismissed it.

It is urged in support of the judgment that whatever interest J. A. Rose had in the land of his wife was not subject to the debts of his creditors, as the statute provided that neither the land of the wife nor its rents should be liable for the husband's debts (Gen. St., p. 721), and that, therefore, he gave nothing that his creditors could complain of his vesting in another. Section 1906, Kentucky Statutes, declares void all sales and conveyances made with intent to hinder and delay creditors. Under such statutes the rule is settled that the law takes no cognizance of a fraud that injures no one, and that, although the intent is fraudulent, unless the thing conveyed is something that the law would appropriate to the payment of the debt, the creditor can not complain, for he is not injured by the execution of the deed, and would not be benefited if it were declared void. Thus a conveyance of a homestead can not be assailed under the statute. 14 Am. & Eng. Ency. Law, 255, 256. But this action is based upon a different statute. Sections 2353, 2354, Kentucky Statutes, are as follows: "When a deed shall be made to one person and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee in violation of some trust shall have purchased the lands deeded with

the effects of another person." "Such deeds shall be deemed fraudulent as against the existing debts and liabilities of the person paying the consideration." At common law, where property was purchased, and the conveyance was taken in the name of one person, while the price was paid by another, a trust at once resulted in favor of the party paying the price, and the holder of the legal title became a trustee for him. 2 Pom. Eq. Jur., section 1037. The statute above quoted abolished the resulting trust, and under it the rule is, where the contract is not illegal, that, if the party receiving the title refuses to execute the trust or return the money, an action will lie upon the implied promise raised by law to refund the money. Martin v. Martin, 68 Ky., 47. It has also been held that, if the property is in fact held in secret trust for the party paying the consideration, his creditors may subject it, although their debts were subsequently created. Matthews v. Albritton, 83 Ky., 32 (6 R., 786). In this case the debts were in existence at the time of the conveyance. The statute was designed to draw a distinction between the existing debts and those subsequently created. The provision that such deeds shall be deemed fraudulent as against the existing debts and liabilities of the person paying the consideration applies, although there may be no proof that the property is held in secret trust for the party paying the consideration. The reason for this distinction is that secret trusts are difficult of proof, and that it is a fraud on the creditor for the debtor to place his property in the hands of others, leaving his debts unpaid. The operation of the statute does not depend upon the amount of the consideration. If a debtor buys for $1,000 property worth $10,000, and places the title in another, the property, and not the $1,000 that was put in it, is subject, under the

statute, to his existing liabilities. The meaning of the statute is that property which would be subject to the existing claims of creditors is conveyed to the debtor shall be in like manner subject to their claims where he pays the consideration, and the title is taken by his procurement to another. As to existing debts, the statute, by declaring such deeds fraudulent, dispenses with proof, and establishes a conclusive presumption that the property conveyed to another is held in trust for the party paying the consideration. Its purpose is to prevent such a shift or device shielding the property from his existing debts. In other words, as to these debts it regards the party paying the consideration as the beneficial owner of the property, and treats the property as though conveyed to him. To hold that it does not apply in all cases, but only where the consideration paid was in such shape that the creditors might have subjected it to their debts, would be to narrow the terms of the statute, and add to it an exception that the Legislature has not seen fit to make. If this land had been conveyed directly to the husband, it would unquestionably have been liable to his debts. The only reason why he had it conveyed to his mother, and not to himself, was to shield it from his creditors. The proof leaves no doubt of this. The deed was, therefore, fraudulent as to creditors, and the property may be subjected in the hands of Mrs. Sallie M. Rose just as it could have been if conveyed to the real purchaser, J. A. Rose. He gave for it a valuable consideration, and, whether this consideration was moral or immoral, or such as the court would enforce, we can not now inquire. The contract has been executed, and he will not be allowed to keep its fruits on the ground of its immorality; and his mother, under the statute, is in no better shape than he. His inchoate right

of curtesy in the landed estate of his wife, with the right to use the rents, was of great value, for the reason that, aside from the annual rents, the death of his wife might at any time make the estate an absolute right of curtesy. His foregoing all of this, and bringing a suit and obtaining a divorce, were a valuable consideration for the deed which the wife made; and, when the chancellor is called upon under the statute to subject the land so conveyed, he will not stop to inquire as to the amount of the consideration, or whether his creditors could have reached it in its condition at the time and subjected it to their debts.

Judgment reversed, and cause remanded for a judgment subjecting the 120 acres of land to the debts of appellant.