# Anderson v. Hart et al.

(Decided June 21, 1935.)

W. B. WHITE for appellant.

CHARLES D. GRUBBS and A. A. HAZELRIGG for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Montgomery circuit court, sitting in equity, in a suit to construe a deed and to sell the interest of certain infants in the property involved.

On March 3, 1923, J. M. Anderson executed a deed to his wife, the essential parts of which are:

"This deed of conveyance, made and entered into by and between Judson M. Anderson, party of the first part, and Mary Elizabeth Anderson, his wife, party of the second part, both residents of Montgomery County, Ky., post office address Mt. Sterling, Ky., is to witness:

"That the party of the first part for the consideration of five thousand ($5,000.00) dollars, this day paid by first (sic) party to second (sic) party, the receipt of which sum is hereby acknowledged.

"First party has bargained and sold, and does hereby bargain, sell, alien and convey unto the

party of the second part, her heirs and assigns an undivided interest of five thousand ($5,000.00) dollars in and to that certain tract of land containing one hundred and ninety and one half (190½) acres of land located about seven miles northwest of Mt. Sterling. * * *

"To have and to hold said interest of five thousand ($5,000.00) dollars in and to said land to second party, her heirs and assigns forever with covenant of general warranty of title. * * *"

Mrs. Anderson died, intestate, several years later, survived by four infant children. This suit was brought by the guardian of these children, naming the infants and J. M. Anderson as defendants and asking for a determination of the respective interests of J. M. Anderson, as surviving husband, and of the children under the deed above set out, and for approval of a sale of the entire interest, whatever it might be. Testimony was taken only on the desirability of making a sale. The court approved the sale upon the payment of $5,000, in escrow, and reserved its decision as to the respective interests of the father and children in the impounded sum.

By the second paragraph of his answer, J. M. Anderson pleaded that he purchased the land involved in the year 1923 for $32,500, "and that the conveyance to Elizabeth Anderson, set forth in the petition, was made in the year 1923 and at a time when the fair market value of said land was thirty-two thousand five hundred ($32,500.00) dollars, and in consideration of the fact that said Elizabeth Anderson furnished to this defendant the sum of five thousand ($5,000.00) dollars of the purchase price of said land he made the conveyance to said Elizabeth Anderson set forth in the petition." He further pleads that the present fair market value of the land is but $19,050 and that the interest conveyed under the deed to his wife was 5,000/32,500, and not simply a fixed and unvarying interest of $5,000. Without hearing proof of these alleged facts, the trial court sustained a demurrer to this paragraph of the answer, held that Anderson had a present curtesy right of $1,130.66 in the $5,000 held in escrow, and decreed the balance of the fund to the infants. Complaining of this, Anderson has appealed.

Plainly, the trial court did not consider the instrument to be a mortgage. In this we think the court was correct. There was no obligation secured—no promise to pay. The conveyance was of an undivided interest in land. It says so. Had the conveyance been merely a mortgage, Anderson, as surviving husband, would be entitled to a share in the proceeds as personalty, in which event he would receive one-half instead of the mere present value of his curtesy.

It seems to us that the only reasonable interpretation that can be placed upon this instrument is that it was intended to convey such interest in the land as' $5,000 would buy at that time; in other words, Mrs. Anderson's interest was a fraction of—an "undivided interest" in—the whole tract, and not simply a fixed claim of $5,000 against the land. We think the trial court erred in sustaining the demurrer to the second paragraph of the answer and should have heard evidence as to the fair market value of the property at the time the contribution was made. If the allegations of the second paragraph of the answer are true, it can hardly be doubted that the denominator of the fractional interest should be 32,500 as claimed by Anderson.

Ample authority can be found in confirmation of our construction of the deed in question if we should undertake to work it out on the theory that it was given in the execution of a resulting trust arising from the contribution of Mrs. Anderson to the purchase money paid for the entire tract. Section 2353 of the Kentucky Statutes has abolished resulting (purchase money) trusts. However, in Deposit Bank v. Rose, 113 Ky. 946, 950, 69 S. W. 967, 968, 24 Ky. Law Rep. 732, this court, after setting out section 2353 in full, said:

"At common law, where property was purchased, and the conveyance was taken in the name of one person, while the price was paid by another, a trust at once resulted in favor of the party paying the price, and the holder of the legal title became a trustee for him. 2 Pom. Eq. Jur. sec. 1037. The statute above quoted abolished the resulting trust, and under it the rule is, where the contract is not illegal, that, if the party receiving the title refuses to execute the trust or return the money, an action will lie upon the implied promise raised by law to refund the money."

240

The deed given by Anderson to his wife was, if the allegations of his answer are correct, simply an express execution of the resulting trust which, in the absence of section 2353, would have arisen from the payment of a portion of the purchase money. In the absence of the statute, Mrs. Anderson would have been entitled to a share in the property proportionate to her contribution toward the purchase. 2 Bogert, Trusts and Trustees, 1381, sec. 457 et seq.; 1 Perry, Trusts and Trustees, 203, sec. 132. Plainly, there is nothing in the statute to prevent a recognition of the trust, and it seems to us that this is exactly what the deed here involved intended to do, whether Mrs. Anderson's contribution was made at the time of the original purchase or later. 2 Bogert, Trusts and Trustees, 1377. The deed was simply an execution of the trust, conveying to Mrs. Anderson the legal title to what she would have been entitled to claim in equity any way, except for the provisions of section 2353.

The judgment is reversed for proceedings consistent herewith.

The whole court sitting.